IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT MITCHEL LANGSTON, SR., )
)
    Plaintiff, )
)
v. ) CASE NO. 2:16-cv-00328-SRW
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
    Defendant. )

## **MEMORANDUM OPINION**

Plaintiff Robert Mitchel Langston, Sr., commenced this action on May 9, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his claim for a period of disability and disability insurance benefits. *See* Doc. 1; Doc. 13-2 at 27. On October 15, 2015, Administrative Law Judge Renita F. Barnett-Jefferson (the "ALJ") issued an adverse decision.[1] *See* Doc. 13-2 at 27-47. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See id.* at 2-7. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). *See* Doc. 10, 11. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be reversed.

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ. *See* Doc. 13-2 at 27.

1

# STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION[2]

"On June 2, 2014, [plaintiff] filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning February 12, 2014. The claim was denied initially on September 12, 2014. Thereafter, the [plaintiff] filed a written request for hearing on October 30, 2014 (20 CFR 404.929 *et seq.*)." Doc. 13-2 at 27. The plaintiff had a hearing before the ALJ on February 19, 2015. *See id.* The ALJ found that plaintiff met the insured status requirements through December 31, 2008. *See id.* at 29. The ALJ then determined that plaintiff has not engaged in substantial gainful activity since his alleged onset date, and that he has the severe impairments of lumbar degenerative disc disease, mild patellar chondromalacia of the right knee, obesity, Factor V Leiden deficiency, diffuse osteoarthritis, and sleep apnea. *See id.* The ALJ also considered the plaintiff's complaints of headaches, depression with anxiety, and adjustment disorder; however, the ALJ concluded that these are not severe impairments. *See id.* at 29-31. The

---

[2] The facts and procedural history discussed in this opinion are gleaned from the record as a whole, and especially from the parties' briefs, *see* Doc. 9; Doc. 12, and the Social Security Transcript of Administrative Proceedings, *see* Doc. 13 *et seq.*

4

ALJ determined that plaintiff "does not have an impairment or combination of impairments" that, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 31.

Based on the plaintiff's impairments, symptoms, and the record as a whole, the ALJ developed a residual functional capacity ("RFC") assessment that the plaintiff can perform sedentary work with some exceptions and additional limitations. *See* Doc. 13-2 at 31. After considering the evidence of record, the RFC, and the testimony of a vocational expert, the ALJ concluded that there are jobs existing in significant numbers in the national and local economy that plaintiff can perform. *See id.* at 45-46. The ALJ found that plaintiff is not disabled. *See id.* at 46

On appeal, plaintiff argues that the ALJ erred by "failing to give appropriate weight to the opinions of a treating physician, a vocational rehabilitation counselor, and the [VA's] disability rating." Doc. 9 at 1. Plaintiff's third argument has merit and requires remand; thus, the court addresses only that contention and does not reach the other claims.

On June 27, 2014, prior to the plaintiff's hearing before the ALJ, the United States Department of Veterans Affairs (the "VA") found that plaintiff is "100%" permanently disabled as of April 1, 2014, due to multiple "service-connected" conditions. *Id.* at 44; *see also* Doc. 13-10 at 120-21; Doc. 13-11 at 63-64. The plaintiff has a "combined rating" of 100% total disability based on adverse effects from eighteen different service-related conditions. Doc. 13-11 at 65. The VA uses a "percent assigned" nomenclature as to each service-related condition in assessing a veteran's disability rating. *See id.* For example, the VA determined that the plaintiff has a "percent assigned" rate of 50% for "obstructive sleep

apnea with CPAP" and 20% for "right toe sprain." *Id.* The VA does not "add the individual percentages of each condition to determine [one's] combined rating. [It] use[s] a combined rating table that considers the effect from the most serious to the least serious condition." *Id.* The ALJ considered the VA's disability determination, and the weight assigned by the Commissioner to the VA's finding is a central issue in this case.

The ALJ drafted a lengthy written decision denying plaintiff's application for disability and disability insurance benefits, and it is clear to the court that the ALJ carefully considered the plaintiff's case. However, because the ALJ afforded a legally insufficient weight to the VA's disability rating, the written decision contains a legal error which mandates remand to the Commissioner for further proceedings. "'Although the VA's disability rating is not binding on the [Commissioner], it is evidence that should be given *great weight*.'" *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (citing *Olson v. Schweiker*, 663 F.2d 593 (5th Cir.1981), citing in turn to *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)) (emphasis supplied); *see also* 20 C.F.R. § 404.1504 ("a determination made by another agency that you are disabled or blind is not binding on [the Commissioner]"); *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856 (11th Cir. 2013) ("Although the ALJ should give the VA's disability rating 'great weight,' the rating is not binding on the Commissioner.") (citing *Brady*, 724 F.2d at 921).[3] The ALJ need not expressly state that she gives the VA's disability determination "great weight" or discuss

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but they may be cited as persuasive authority. *See United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004); 11th Cir. R. 36-2.

6

how much weight she afforded the determination, but it must be apparent from the record that the ALJ "expressly considered and closely scrutinized" the VA's disability determination such that it is clear to a reviewing court that the determination was given the requisite "great weight." *Adams*, 542 F. App'x at 857 (citing *Rodriguez*, 640 F.2d at 686, *Brady*, 724 F.2d at 921) (holding that the ALJ did not commit a legal error by failing to "state the precise amount of weight he [gave] the VA's disability determination"). An ALJ cannot assign anything less than "great weight" to a disability determination by the VA.

Here, the ALJ gave "little weight" to the VA's disability determination, which the ALJ refers to as an "opinion." Doc. 13-2 at 44. Recently, after the ALJ issued her decision in the instant matter, the Eleventh Circuit held that, as a matter of law, an "ALJ errs in according 'little weight' to the VA's disability determination, because disability determinations by other agencies are entitled to 'great weight.'" *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). Failing to give the VA's disability determination "great weight" is legal error in and of itself, and this matter must be remanded to the Commissioner so that she can reconsider plaintiff's claim for benefits after affording "great weight" to the VA's 100% disability determination. *See Cornelius*, 936 F.2d at 1145-46 (a court must reverse if there is legal error).

Notably, the ALJ explains why, in her view, the VA's disability decision is entitled to "light weight." Doc. 13-2 at 44. The ALJ is responsible for formulating an independent disability determination, and the ALJ may reach a different disability determination for purposes of a Title II application than that of the VA. However, an ALJ must assign "great weight" to the VA's disability decision before departing from that agency's conclusions.

*Brown-Gaudet-Evans*, 673 F. App'x at 904 (11th Cir. 2016) ("[T]he ALJ is not required to give the VA's disability determination controlling weight. In making his own determination of whether [a claimant] is disabled, however, the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination."); *see also Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) ("The SSA regulations specify that a decision by any non-governmental or governmental agency about whether an individual is disabled is based on its own rules and does not constitute a SSA decision about whether an individual is disabled.") (citing 20 C.F.R. § 404.1504). In other words, in departing from the VA's determination, the ALJ cannot lessen the "great weight" standard. It is unclear whether the ALJ's explanation or reasoning will be altered when she assigns the requisite "great weight" to the VA's determination. Thus, at this time, the court makes no findings with respect to the ALJ's reasons for discounting the VA's disability determination.

The plaintiff urges the court to remand this cause with an order that the Commissioner shall award benefits, but the court declines to do so. *See* Doc. 9 at 6. Because the VA's disability determination is not binding on the Commissioner, *Brady*, 724 F.2d at 921, it is not a certainty that the plaintiff is entitled to an award of benefits based solely on the VA's determination. The court will not award benefits where it is possible that the ALJ might reach an adverse decision even after assigning "great weight" to the VA's disability decision.

**CONCLUSION**

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. Because of this conclusion, the court does not address the remaining issues raised by plaintiff. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand, and will develop the record as is necessary in areas not expressly considered in this opinion.

DONE, on this the 31st day of August, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge